IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| BRIAN KEITH NICHOLS, ) | |
| DEBRA LYNN NICHOLS, ) | |
| ) | Bankruptcy No. 10-01323 |
| Debtors. ) | |

**ORDER RE: MOTION TO REOPEN CASE AND SET ASIDE
DISCHARGE FOR LIMITED PURPOSE (Doc. 27)**

This matter came before the undersigned for telephonic hearing on October 20, 2010. Debtors were represented by attorney Robert C. Griffin. Attorney Kenneth P. Nelson appeared for Creditor Veridian Credit Union. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**STATEMENT OF THE CASE**

After discharge entered and the case was closed, Veridian Credit Union moved to reopen the case and set aside the discharge in order to file a Reaffirmation Agreement. The Court set the matter for hearing to consider the appropriateness of setting aside the discharge for this purpose.

**FINDINGS OF FACT**

Debtors filed their Chapter 7 petition on May 12, 2010. The deadline to file reaffirmation agreements was August 20, 2010. The discharge entered on September 1, 2010 and the case was closed.

Veridian Credit Union filed a Motion to Reopen Case on September 29, 2010, which was granted by routine order. It filed a Reaffirmation Agreement and cover sheet on September 30, 2010. The signatures on the Agreement are dated as follows: Debtor, 9/11/10; Veridian, 9/23/10; Debtor's attorney, 9/21/10. The

Agreement purports to reaffirm $6,791.67 with 8.74% interest and 60 monthly payments of $217.32.  The collateral is a 2003 Honda Accord.  Debtor's attorney signed the certification.  The "No Presumption of Undue Hardship" box is checked.

Veridian's Motion to reopen asks that the discharge be set aside with respect to its secured claim regarding the 2003 Honda, for the limited purpose of allowing the parties to file an enforceable Reaffirmation Agreement.  Debtor filed a response consenting to Veridian's Motion.

## BANKRUPTCY CODE AND RULES

Title 11 U.S.C. § 350(b) allows the Court to reopen a case to administer assets, accord relief to the debtor, or for other cause.

Section 524(c)(1) provides that a reaffirmation agreement is enforceable if made before entry of discharge.

Section 727(d) provides for revocation of a discharge on motion of the trustee, a creditor or the U.S. Trustee under four circumstances, including fraud and other bad acts by the debtor.

Federal Rule of Bankruptcy Procedure 4004(c)(2) provides that a debtor may move to defer entry of the discharge.

Rule 4008(a) requires that reaffirmation agreements should be filed no later than 60 days after the first § 341 meeting is set.  Also, "[t]he court may, at any time and in its discretion, enlarge the time to file a reaffirmation agreement."  Fed. R. Bankr. P. 4008(a).

## CONCLUSIONS OF LAW

Pursuant to the foregoing, to be enforceable and effective, a reaffirmation agreement must be made before the discharge is entered.  In re Gibson, 256 B.R. 786, 787 (Bankr. W.D. Mo. 2001).  Once the discharge is entered, the deadline for making a reaffirmation agreement is past, and the Court lacks jurisdiction to approve a reaffirmation agreement made later.  Id.; In re Primmer, No. L90-00325, slip op. at 3 (Bankr. N.D. Iowa Nov. 2, 1994) (holding reaffirmation agreement made after

2

entry of discharge cannot subsequently be approved; denying request to reopen case). Veridian's Motion attempts to circumvent § 524(c)(1) by moving to vacate the discharge in order to validate a post-discharge reaffirmation agreement.

One court described this type of motion as a "troubling practice" which "must end." In re Golladay, 391 B.R. 417, 424 (Bankr. C.D. Ill. 2008). The timing requirement of § 524(c)(1) cannot be waived or extended. Id. Because reaffirmation agreements are not favored, strict compliance with § 524(c) is mandated. In re Stewart, 355 B.R. 636, 639 (Bankr. N.D. Ohio 2006).

"Numerous courts . . . have found that it is improper to vacate an order of discharge to allow the debtor to enter into a reaffirmation agreement." In re Wilhelm, 369 B.R. 882, 883-84 (Bankr. M.D.N.C. 2007) (collecting cases); see also In re Grisham, 436 B.R. 896, 901 (Bankr. N.D. Tex. 2010) (stating it is not appropriate for the court to set aside a discharge to consider a reaffirmation agreement); In re Owens, 2010 WL 711240, at *1-2 (Bankr. E.D. Tenn. Feb. 25, 2010) (collecting cases); Golladay, 391 B.R. at 422-25; In re Engles, 384 B.R. 593, 599 (Bankr. N.D. Okla. 2008) (concluding the court does not have authority to vacate discharge for purpose of filing a reaffirmation agreement).

Many of these courts note that Rule 4004(c)(2) provides a vehicle for a debtor to extend the time to enter into an enforceable reaffirmation agreement. See Golladay, 391 B.R. at 423; Wilhelm, 369 B.R. at 883; In re Gilmore, 94 B.R. 118, 120 (Bankr. S.D. Ohio 1988). The purpose of this Rule is to allow debtors additional time to negotiate reaffirmation agreements. Golladay, 391 B.R. at 423; In re Moore, 2009 WL 1490863, at *1 (Bankr. N.D. Iowa May 27, 2009). "This procedure requires that the debtor or debtor's counsel be vigilant in requesting an extension if it appears that the reaffirmation agreement will not be filed in the time allowed due to difficulties in negotiating or executing the agreement." In re Pettet, 271 B.R. 855, 856 (Bankr. S.D. Ind. 2002). Rule 4008(a) allows a court to extend the time for filing a reaffirmation agreement beyond the required 60 days after the first meeting § 341 meeting is set. This Rule, however, does not abrogate the § 524(c)(1) requirement that the debtor make the reaffirmation agreement before discharge. In re Lee, 356 B.R. 177, 184 (Bankr. N.D.W.Va. 2006).

There is no bankruptcy code provision allowing debtors to set aside the discharge, or allowing the discharge to be set aside to reaffirm a debt. Id. at 856-57.

Section 727(d) provides for revocation of a discharge by a trustee, creditor or the U.S. Trustee, and only under limited circumstances. Golladay, 391 B.R. at 422; In re Eccleston, 70 B.R. 210, 212 (Bankr. N.D.N.Y. 1986) (stating under no circumstances is § 727(d) to be used as a vehicle for revocation of discharge to reaffirm a debt). Likewise, the bankruptcy court's equitable powers from § 105(a) cannot be used to disregard unambiguous statutory language. In re Stewart, 355 B.R. 636, 639 (Bankr. N.D. Ohio 2006) (noting that strict compliance with § 524(c) is mandated). Vacation of an order of discharge is not an appropriate exercise of the court's § 105(a) equitable powers. Golladay, 391 B.R. at 422.

Some courts have considered whether an order vacating a discharge may potentially be granted under Rule 60(b). In re Cotnoir, 2010 WL 679064, slip op. at *2 (Bankr. E.D. Va. Feb. 23, 2010); In re Edwards, 236 B.R. 124, 128 (Bankr. D.N.H. 1999) (granting a motion to vacate discharge order to enter into an enforceable reaffirmation agreement). The court in Golladay noted that Rule 9024, which incorporates Rule 60(b), provides authority for a court to revoke a discharge, but the debtor must show "extraordinary" circumstances which prevented relief through usual channels. 391 B.R. at 424.

> Given the availability of [Rule 4004(c)(2) deferral of discharge], it will be a rare instance where the debtor can show, after the discharge is granted, that it was entered as a result of mistake, inadvertence, surprise, or excusable neglect [under Rule 60(b)].

In re Mosby, 244 B.R. 79, 88-89 (Bankr. E.D. Va. 2000). In In re Rigal, 254 B.R. 145, 147 (Bankr. S.D. Tex. 2000), the court stated that using this procedure "sparingly" is "a weak basis to justify a complete by-pass of the statutory scheme."

## ANALYSIS

The Reaffirmation Agreement filed September 30, 2010 between Debtor and Veridian Credit Union was made after the discharge entered on September 1, 2010. Under § 524(c)(1), it is not enforceable. The parties did not attempt to defer entry of the discharge prior to September 1, 2010 in order to timely reaffirm the debt. This Court agrees with the numerous courts which have considered this situation and holds that it is improper to vacate Debtor's discharge to allow him and Veridian to enter into a valid reaffirmation agreement. The requirements of § 524(c)(1) must

4

be strictly applied. Nothing in the Bankruptcy Code and Rules gives the Court authority to vacate the discharge to allow the parties to avoid the statutory mandates of § 524(c)(1).

**WHEREFORE**, the Motion to Reopen Case and Set Aside Discharge for Limited Purpose (Doc. 27) is DENIED.

**FURTHER**, this case should be closed.

Dated and Entered: November 29, 2010

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE